IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **ADRIAN ROSAS,** | )<br>)<br>) |
| Plaintiff, | )<br>)     Civil Action No.: 5:19-cv-142 |
| v. | )<br>) |
| **MINER FLEET MANAGEMENT GROUP, LLC** | )<br>)<br>) |
| Defendant. | )<br>) |

**PLAINTIFF'S COMPLAINT WITH
DEMAND FOR JURY TRIAL**

Now comes the Plaintiff, ADRIAN ROSAS (hereinafter "ROSAS"), and files his Complaint against the Defendant, MINER FLEET MANAGEMENT GROUP, LLC (hereinafter "MINER") and says:

## NATURE OF THE CLAIMS

1.      This is an action for monetary damages, pursuant to the Family and Medical Leave Act of 1996, 29 U.S.C. § 2601, *et seq.* (hereinafter the "FMLA") and Title I of the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101, *et seq*.  (hereinafter the "ADAAA") to redress Defendant's unlawful employment practices against Plaintiff, because of his disability, including Defendant's interference with Plaintiff's lawful exercise of his rights under the FMLA, refusal to provide Plaintiff with reasonable accommodations associated with his disability, retaliation against Plaintiff for exercising his rights under the FMLA and ADAAA,  and his unlawful termination.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding Plaintiff's rights under the ADAAA and the FMLA.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein occurred in this district.

## PARTIES

4. Plaintiff, ROSAS, is a citizen of the United States, and is and was at all times material, a resident of the State of Texas.

5. Defendant, MINER, is a Texas for-profit company with its principal place of business in San Antonio, Bexar County, Texas.

6. Defendant is an employer as defined by the laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

7. Plaintiff has complied with all statutory prerequisites to filing this action.

8. On or about May 3, 2018, Plaintiff filed a timely claim with the Equal Employment Opportunity Commission (hereinafter "EEOC") against Defendant, satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e). (*See* copy of Charge of Discrimination, attached hereto and incorporated herein as **Exhibit A**).

9. Plaintiff's EEOC charge was filed within three hundred (300) days after the alleged unlawful employment practices occurred.

10. On December 14, 2018, the EEOC issued a Notice of Right to Sue. (*See* copy of December 14, 2018, Notice of Right to Sue, attached hereto and incorporated herein as **Exhibit B**).

11. This complaint was filed within ninety (90) days following Plaintiff's receipt of the EEOC's Right to Sue letter.

12. An EEOC filing automatically operates as a dual-filing with the Texas Workforce Commission, Civil Rights Division.

## FACTUAL ALLEGATIONS

13. At all material times, Plaintiff worked for Defendant at 17319 San Pedro Ave. Suite #500, San Antonio, Texas 78232.

14. Plaintiff was employed by Defendant for approximately three (3) years, from March 2015 through approximately March 2018 and, at the time his employment was terminated, Plaintiff held the position of "Customer Service Agent."

15. As a Customer Service Agent, Plaintiff was responsible for managing clientele throughout seven (7) states and handling maintenance requests from intake to completion.

16. Plaintiff was a full-time employee who regularly worked forty (40) hours per week.

17. While employed by Defendant, Plaintiff satisfactorily performed the job requirements of his position.

18. In October 2017, Plaintiff was diagnosed with a disability as defined under the ADAAA and immediately informed Defendant.

19. Plaintiff informed Tyler McPherson (Human Resources Leader) of his disability and requested reasonable accommodations in the form of intermittent leave under the FMLA. (*See*

Plaintiff's October 11, 2017 – Certification of Health Care Provider for Employee's Serious Health Condition, attached hereto and incorporated herein as **Exhibit C**).

20. Plaintiff requested the reasonable accommodation of a ten (10) minute break every fifty (50) minutes of sitting or standing at his workstation to relax and stretch the neck muscles to alleviate any pain associated with his disability.

21. Upon information and belief, Plaintiff's requests for reasonable accommodations were not unduly burdensome and would not have adversely affected Defendant's business.

22. Following the disclosure of his disability, Plaintiff was subjected to disparaging and discriminatory remarks about his medical condition.

23. Specifically, Mr. McPherson made offensive remarks regarding Plaintiff's disability - that Plaintiff should be "…careful lifting [that] lunchbox, [] don't want you to damage a vertebra," followed by laughing at his own remarks.

24. Mr. McPherson also repeatedly questioned Plaintiff regarding his disability, claimed that Plaintiff did not suffer from an actual disability and claimed that Plaintiff was "faking it."

25. Following Plaintiff's request for intermittent leave under the FMLA, Defendant interfered with Plaintiff's FMLA rights.

26. In December 2017, Plaintiff experienced a "flare-up" of his disability while at work. After noticing Plaintiff in pain, Michelle Cremar (Account Manager / Team Lead) approached Plaintiff and inquired as to whether he would "…like to go home for the day." Plaintiff stated he was "…fearful of repercussions" and suggested he would work through the pain.

27. Ms. Cremar told Plaintiff that his pain was "distracting others" and informed Plaintiff he "would not receive any [repercussions]" for using leave pursuant to his FMLA. Upon

her assurances, Plaintiff informed Ms. Cremar that he would be leaving for the remainder of the day as a result of his disability and would use his FMLA.

28. Following his return to work the next day, Plaintiff was called into a meeting with Ms. Cremar and Christina Carter (Operations Lead), wherein Plaintiff received a written disciplinary action in retaliation for his lawful use of leave under the FMLA. Ms. Cremar said Plaintiff's jobs were "left unattended," despite the fact that she had authorized Plaintiff to use his FMLA.

29. Ms. Cremar's actions dissuaded Plaintiff from requesting further leave under the FMLA whenever necessary.

30. Thereafter, Defendant subjected Plaintiff to further baseless disciplinary actions and alleged issues regarding Plaintiff's job performance.

31. Prior to Plaintiff's request for leave under the FMLA, Plaintiff had not been subject to any disciplinary action for performance issues and in fact, had received numerous accolades associated with his exemplary performance.

32. On or about February 19, 2018, Defendant informed Plaintiff that he needed to renew his FMLA documentation, despite the fact that his previous application for leave under the FMLA had not expired.

33. Plaintiff immediately provided updated medical documentation from his physician, outlining his need for continued intermittent leave under the FMLA. Plaintiff's February 19, 2018 documentation was similar to that previously submitted in October 2017. (*See* February 19, 2018 – Certification of Health Care Provider for Employee's Serious Health Condition, attached hereto and incorporated herein as **Exhibit D**).

34. On February 23, 2018 Defendant informed Plaintiff that additional information was needed to determine if Plaintiff's FMLA leave request could be approved and provided Plaintiff until March 5, 2018 to submit additional medical documentation. (*See* February 23, 2018 – Designation Notice, attached hereto and incorporated herein as **Exhibit E**).

35. Defendant interfered with Plaintiff's rights under the FMLA and denied Plaintiff's renewal of leave under the FMLA.

36. On the same day, Plaintiff reported to Trey Rider (Director of Operations) that he thought he was being retaliated against for his use of leave under the FMLA. Plaintiff reported to Mr. Rider that the recent disciplinary actions he received were baseless and levied against him as a result of animus associated with his disability and in retaliation for his use of leave under the FMLA.

37. Specifically, Plaintiff provided documentation that his work was "being erased" and/or altered following his completion and submission of such to Defendant's invoicing department.

38. Upon information and belief, Defendant's job tracking system allowed anyone with access to the specific job number, clientele number and/or purchase order number to access the submitted job order and edit / erase the contents thereof.

39. Mr. Rider acknowledged Plaintiff's proof of his work being altered and/or erased and claimed it to be a "system issue," which resulted in Plaintiff's work being deleted from Defendant's system; nevertheless, Mr. Rider refused to remove Plaintiff's disciplinary actions.

40. Subsequently, without providing Plaintiff an opportunity to submit his updated medical documentation and/or amended FMLA request, Defendant immediately terminated Plaintiff's employment upon his arrival to work on March 5, 2018.

41. Defendant unlawfully terminated Plaintiff under pretext as a result of animus associated with his disability and in retaliation for Plaintiff's lawful exercise of his rights under the FMLA and ADAAA.

42. Plaintiff has been damaged by Defendant's illegal conduct.

43. Plaintiff has retained the services of undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

### Count 1: FMLA Retaliation

44. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44, above.

45. Plaintiff was an employee eligible for protected leave under the FMLA.

46. Defendant is and was an employer as defined by the FMLA.

47. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

48. Defendant retaliated against Plaintiff for exercising, or attempting to exercise, his FMLA rights.

49. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

50. Plaintiff was injured due to Defendant's willful violation of the FMLA, to which he is entitled to legal relief.

### Count 2: FMLA Interference

51. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44, above.

52. Plaintiff was an employee eligible for protected leave under the FMLA.

53. Defendant is and was an employer as defined by the FMLA.

54. Plaintiff exercised, or attempted to exercise, his rights under the FMLA.

55. Defendant interfered with Plaintiff's lawful exercise of his FMLA rights.

56. Defendant's actions were willful, knowing, and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

57. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which he is entitled to legal relief.

### Count 3: Disability Discrimination in Violation of the ADAAA

58. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44, above.

59. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADAAA.

60. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the ADAAA.

61. Plaintiff has an actual disability, has a record of being disabled, and/or was perceived as being disabled by Defendant.

62. Defendant is prohibited under the ADAAA from discriminating against Plaintiff because of his disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

63. Plaintiff requested a reasonable accommodation and Defendant retaliated against Plaintiff.

64. Defendant intentionally discriminated against Plaintiff on the basis of his disability.

65. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

66. Defendant's unlawful conduct in violation of the ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

### Count 4: Retaliation in Violation of the ADAAA

67. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-44, above.

68. At all times material, Defendant employed fifteen (15) or more employees and qualified as an employer within the meaning of the ADAAA.

69. At all times relevant to this action, Plaintiff was a qualified employee with a disability under the ADAAA.

70. Plaintiff requested reasonable accommodations associated with his disability and Defendant retaliated against Plaintiff following his request.

71. Defendant intentionally retaliated against Plaintiff on the basis of his request for reasonable accommodations pursuant to his disability.

72. As a direct and proximate result of Defendant's unlawful and retaliatory conduct in violation of the ADAAA, Plaintiff has suffered and continues to suffer, lost wages, lost benefits, as well as severe mental anguish and emotional distress, including but not limited to depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and

emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

73. Defendant's unlawful conduct in violation of the ADAAA was outrageous and malicious, was intended to injure Plaintiff, and was done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in the amount to be proved at trial, punitive damages, and prejudgment interest thereon;

b) Grant Plaintiff his costs and an award of reasonable attorneys' fees (including expert witness fees); and

c) Award any other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully Submitted:

*/s/ Gabrielle Klepper*
Gabrielle Klepper, Esq.
Texas Bar No.: 24090213
**Spielberger Law Group**
202 S. Hoover Blvd.
Tampa, Florida 33609
T: (800) 965-1570 Ext. 126
F: (866) 580-7499
gabrielle.klepper@spielbergerlawgroup.com

*Attorneys for Plaintiff*